UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIE BARNES, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 4:18-CV-292 AGF |
|  | ) |  |
| CITY OF ST. LOUIS, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of plaintiff's second amended complaint. [Doc. #7]. After reviewing the second amended complaint, the Court will dismiss this action pursuant to 28 U.S.C.§ 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," nor will a complaint suffice if it tenders bare assertions devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

When conducting initial review pursuant to § 1915(e)(2), the Court must accept as true the allegations in the complaint, and must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the tenet that a court must accept the allegations as true does not apply to legal conclusions, *Iqbal*, 556 U.S. at 678, and affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in

1

ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993). Even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

## The Complaint

Plaintiff brings this action to redress violations of his civil rights. Plaintiff names the City of St. Louis, Correctional Officers Unknown Washington, Unknown Sanders and Lieutenant Gennaro as defendants in this action. Plaintiff brings this action against defendants in their individual and official capacities, and he seeks monetary damages in his second amended complaint.

Plaintiff alleges that during his incarceration in the St. Louis City Justice Center, he was having chest pain, high blood pressure, migraine headaches and dizziness. He asserts that he reported his symptoms to Correctional Officers Washington and Sanders, as well as to Lieutenant Gennaro, and he asked the officers to "call medical." Plaintiff claims that at the time he asked, the officers "refused him" and denied him medical treatment. Plaintiff does acknowledge that approximately five hours after he asked to see medical, he was seen by an unnamed doctor, but he claims "nothing" was done afterwards. Plaintiff has not named the doctor as a defendant in this lawsuit.

Plaintiff also attributes some of his symptoms to a "bug bite" and having bitten down on a rock while eating pasta at the jail, thus, suffering a "toothache."

Plaintiff not only claims that defendants were deliberately indifferent to his serious medical needs in violation of 42 U.S.C. § 1983, but he also claims that he was discriminated against by defendants in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq*. Plaintiff has not alleged how he was discriminated against, nor has he alleged his purported disability.

## Discussion

To state a claim against the City of St. Louis, a plaintiff must allege that a policy or custom of the City is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of the City of St. Louis was responsible for the alleged violations of plaintiff's constitutional rights. Thus, he has failed to state a claim for relief against the City of St. Louis

Additionally, plaintiff has not properly alleged a disability discrimination claim in this lawsuit, or a violation of the ADA. Plaintiff has not alleged exactly what his purported disability is or how exactly defendants discriminated against him in violation of his disability. Although Title II of the ADA applies to inmates in state prisons, there are three things a plaintiff must plead in order to state a claim for disability discrimination. *See Pennsylvania Dep=t of Corrections v. Yeskey*, 524 U.S. 206, 209-11 (1998). "To state a prima facie claim under [Title II of] the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability." *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999); *see* 42 U.S.C. § 12132. Plaintiff has failed to plead any of the aforementioned. Accordingly, his claim for disability discrimination is subject to dismissal

Plaintiff has also failed to allege a claim for deliberate indifference to his medical needs, or a violation of the Eighth Amendment. Although he states in a conclusory manner that Lieutenant Gennaro and the other Correctional Officers at the Justice Center failed to immediately grant his requests for medical care, he acknowledges that within five hours of his request, he saw a doctor about his symptoms.

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Cambreros v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995).

Plaintiff has admitted he saw a doctor within five hours of his medical complaints. Presumably, plaintiff disagreed with the outcome of his doctor visit, as he states that "nothing" was done to assist his medical needs.

Although plaintiff may have disagreed with the doctor's diagnosis in his case, mere disagreement with the doctor's decision to treat or not to treat his dizziness and/or high blood pressure at the time plaintiff was purportedly having symptoms is not enough to rise to the level of an Eighth Amendment violation. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Given that plaintiff saw a doctor within five hours of his medical complaints, the Court

cannot state that he was not provided with medical treatment in this instance. As such, he has not stated a constitutional violation in this instance.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "supplemental" filing [Doc. #7] shall be considered to be plaintiff's second amended complaint.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 30th day of April, 2018.

*/s/ Audrey G. Fleissig*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE